IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Docket No.
_____

ANDREA RIDGELL, on behalf of herself and all others similarly situated,

Petitioner,

v.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA,

Respondent,

FRONTIER AIRLINES, INC.,

Real Party in Interest.
_____
From the United States District Court, Central District of California
Case No. 2:18-cv-04916-PA-AFM

PETITION FOR PERMISSION TO APPEAL ORDER DENYING
MOTION FOR CLASS CERTIFICATION PURSUANT TO FED.R.CIV.P. 23(f)
_____

Marcus J. Bradley CBN 174156
Kiley L. Grombacher CBN 245960
Bradley/Grombacher LLP
2815 Townsgate Road Suite 130
Westlake Village, CA 91361
Phone: (805) 270-7100
Fax: (805) 270-7589

Kristi D. Rothschild CBN 222727
Rothschild and Alwill APC
27 West Anapamu Street Suite 289
Santa Barbara, CA 93101
Phone: (805) 845-1190
Fax: (805) 456-0132

Attorneys for Petitioner

## **TABLE OF CONTENTS**

I.      STATEMENT OF RELIEF REQUESTED.....................................................1

II.     JURISDICTIONAL STATEMENT…………………….........................1

III.    INTRODUCTION………...............................................................1

IV.     QUESTIONS PRESENTED.......................................................................2

V.      FACTS RELEVANT TO THE QUESTIONS PRESENTED......................3

      A.      Summary of the Claims Alleged in the Litigation .............................3

      B.      Relevant Procedural Facts.................................................................5

            1. Filing and Service……………………………………………5

            2. Local Rule 23-3 Deadline..………………………………………..6

            3. Proceedings Related to Class Certification…..…………………7

VI.     REASONS WHY AN APPEAL SHOULD BE PERMITTED....................9

      A.      The Denial Of Class Certification Sounds The Death Knell For
            The Claims Of Petitioner And All Other Class Members…..………10

      B.      The District Court's Decision Is Manifestly Erroneous…………….11

            1.  The District Court's Erred In Denying Petitioner Discovery and
               Then, In the Absence of a Factual Records Made Fact-Specific
               Findings Resulting in Denial of Petitioner's Motion for
               Class Certification…………………………………………….11

            2.  The District Court Committed Error In Failing to Grant
               Petitioner Relief from Local Rule 23-3…………………………15

VII.   CONCLUSION .........................................................................17

## TABLE OF AUTHORITIES

### FEDERAL CASES

*ABS Entm't, Inc. v. CBS Corp.*, No. 16-55917, 2018 WL 5631377, at *17 (9th Cir. Oct. 31, 2018) )…………………………………………......................1

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005)…...................2, 9

*Balser v. Hain Celestial Grp., Inc.,* 640 F. App'x 694, 696 (9th Cir. 2016) …........16

*Blair v. Equifax.*, 181 F.3d 832, 834 (7th Cir. 1999) …........................................10

*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) …..........11, 12

*DuPont Glore Forgan, Inc. v. American Telephone and Telegraph Co.*, 69 F.R.D. 481 (S.D.N.Y. 1975) ............................................................................10, 11

*Kaminske v. JP Morgan Chase Bank, N.A.*, 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010)……………………………………………………12

*Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975). …......................14

*Lance, Inc. v. Dewco Servs., Inc.,* 422 F.2d 778, 784 (9th Cir. 1970) …...............15

*Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985) …..........................11, 12

*Molina v. Cafe Rio, Inc.*, No. ED CV 12-1858-JFW SP, 2013 WL 7174022, at *1 (C.D. Cal. July 12, 2013) ......................................................................11, 12

*Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004) …....................9

*Vallerio v. Vandehay*, 554 F.3d 1259, 1263 (10th Cir. 2009) …...........................10

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) …...12

*Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) …..........................................................................................16

ii

**STATE CASES**

*Scofield v. Critical Air Medicine, Inc*., 45 Cal. App. 4th 990, 1001, 52
Cal. Rptr. 2d 915, 920 (1996). …...........................................................................13

**STATUTES**

Central District Local Rule 23-3 ("L.R. 23-3") ..................................................2, 15

Fed.R.App.P. 5(a) .......................................................................................................1

Fed.R.Civ.P. 23(f)......................................................................................................1

**OTHER AUTHORITIES**

Convention on the Service Abroad of Judicial and Extrajudicial Documents
in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361……………….....5

Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center,
Managing Class Action Litigation: A Pocket Guide for Judges 9
(3d ed. 2010) Barbara J. Rothstein & Thomas E. Willging, Federal
Judicial Center, Managing Class Action Litigation: A Pocket Guide for
Judges 9 (3d ed. 2010)……………………………………………………………16

## I. STATEMENT OF RELIEF REQUESTED

Pursuant to Fed.R.Civ.P. 23(f) and Fed.R.App.P. 5(a), Andrea Ridgell ("Petitioner") respectfully requests that this Court grant her permission to appeal the district court's order denying Petitioner's Motion for Class Certification ("Order").

## II. JURISDICTIONAL STATEMENT

As noted in section I supra, this appeal is taken from the denial of a motion for class certification pursuant to Fed.R.Civ.P. 23(f) and Fed.R.App.P. 5(a). The Order was issued by the District Court on November 9, 2018.

## III. INTRODUCTION

Petitioner seeks the Ninth Circuit's assistance to correct the district court's fundamental errors of law in the context of the district court's erroneous denial of Petitioner's Motion for Certification. Such denial was the direct result of two interrelated rulings of the district court which denied Petitioner the opportunity to present a sufficient factual record to support certification: (1) the Court's dogged adherence to the antiquated timing limitations imposed upon certification motions by Central District Local Rule 23-3 ("L.R. 23-3") – a rule this Court expressly determined to be "incompatible with Federal Rule of Civil Procedure 23"[1]; and (2) the fact that Petitioner was precluded from conducting even a modicum of

---

[1] *ABS Entm't, Inc. v. CBS Corp.*, No. 16-55917, 2018 WL 5631377, at *17 (9th Cir. Oct. 31, 2018).

discovery in contravention to this Court's ruling in *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975), despite the fact that the discovery needed was in the exclusive possession of defendants, Frontier Airlines Inc. ("Frontier" or "Respondent") and Airbus S.A.S. ("Airbus"), as well as other third parties.

After thrice denying Petitioner's request for a continuance of the certification deadline and leave to conduct discovery, the district court issued a denial of Petitioner's motion for certification based on its factual determination that the claims could not satisfy the Rule 23 requirements including commonality, predominance and superiority. Given the paucity of discovery, "the decision is 'manifestly erroneous'" as required by the *Chamberlan* guidelines. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). Petitioner asks this Court to grant this Petition in order to correct the district court's clear errors of law.

Additionally, the propriety of L.R. 23-3 "presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review." *Id.* As explained herein, delaying the correction of these errors until the conclusion of the litigation would substantially prejudice the parties and the Court.

## IV. QUESTIONS PRESENTED

(1) Did the district court commit reversible error when it doggedly adhered to Central District Local Rule 23-3 certification filing deadlines in

contravention to the clear mandates and legislative intent of Federal Rule of Civil Procedure 23 and relevant legal authority?

(2)     Did the district court commit reversible error when it denied Petitioner the right to conduct discovery in advance of the filing of the motion for class certification and, based thereon, made the factual determination that Petitioner could not satisfy the Rule 23 requirements for certification in the absence of any factual record?

## V.     FACTS RELEVANT TO THE QUESTIONS PRESENTED

### A.     Summary of the Claims Alleged in the Litigation

This case arises from "fume" events which occur as the result of the defective design and manufacture of Frontier Airline's fleet of Airbus aircrafts. (ER000114.) Fume events occur when the air inside the passenger cabin of an aircraft becomes contaminated with pyrolised compounds such as engine oil, de-icing or hydraulic fluid. (Id.) Such events are caused by the "bleed" air system used in Defendants' aircrafts which draws pre-heated compressed air from the engine and pumps this air straight into the cabin after being cooled. (Id.) Defendants have repeatedly experienced fume events yet have failed to eliminate the traditional pneumatic system and bleed manifold and instead adopt a no-bleed system whereby electrically driven compressors provide the cabin pressurization function, with fresh air brought onboard via dedicated cabin air inlets. (Id.)

Moreover, Defendants have failed to warn consumers about the dangers of the "bleed" air system. (Id.)

Such actions caused harm to Petitioner and the members of the class to harm. On or about June 2, 2017, Petitioner boarded Frontier airlines flight number F91630, a direct from Los Angeles, California, to Orlando, Florida with a scheduled departure time of 10:19 PM and an estimated arrival time of 6:04 AM on June 3, 2017. (ER000081.) Approximately two hours into the flight, Plaintiff and the members of the Flight 630 Class were exposed to toxic fumes that entered the passenger cabin through the aircraft's ventilation system as a result of what is commonly referred to as a "fume" event. (ER000081-82.) As a result of the "fume" event, to make an emergency landing in Phoenix, Arizona, and the subject aircraft was grounded. (ER000082.) The passengers were immediately de-boarded from the plane. Although they each requested to leave, the passengers were confined in the terminal. (Id.) They were not permitted to board other flights or to leave the terminal area. The passengers were never informed as to what chemicals they had been exposed to. (Id) After three (3) hours the passengers were released from the forced confinement. (Id.)

Based on the above, Petitioner alleges the following causes of action on behalf of some or all of the members of the classes outlined above: (1) strict

products liability; (2) breach of warranties; (3) negligence; (4) false imprisonment; (5) negligent infliction of emotional distress. (ER000113-ER000138.)

### B. Relevant Procedural Facts

#### 1. Filing and Service

Petitioner filed the action giving rise to this appeal on June 1, 2018. (ER000327 at Dkt. No. 1) Petitioner served Respondent on or about June 15, 2018. (ER000328. at ¶ 7.) As a professional courtesy, Petitioner stipulated to provide Respondent an additional thirty-nine (39) days[2] in which to file an answer to the complaint. (Id. at Dkt No. 11.) Defendant Frontier timely filed an answer to the complaint on August 14, 2018. (ER000329 at Dkt No. 15).

Upon filing, Petitioner promptly caused the initiating complaint and supporting documents to be translated into French and, promptly began the process of effectuating service on Defendant Airbus through the processes required by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Hague Convention[3]"). (ER00017 at ¶ 12.) The process request was confirmed received by

---

[2] In hindsight, such professional courtesy amounted to more than one-third (1/3) of the time available to Petitioner to prepare her motion for certification under the Local Rules. Such facts demonstrate the chilling effect L.R. 23-3 can have on amicable relations between counsel and early investigation/potential resolution) efforts.

[3] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

the Ministry de la Justice in Paris on July 16, 2018 (Id. at ¶ 13.) To date, service upon Airbus has not been fully effectuated[4]. (Id. at ¶ 14.)

### 2. Local Rule 23-3 Deadline

Pursuant to Local Rule 23-3, the deadline for the filing of Petitioner's motion for class certification was set to fall on September 13, 2018. On August 28, 2018, after meeting and conferring with counsel for Defendant, Petitioner filed an unopposed *ex parte* application to vacate this date. (ER000242-ER000252.) At the time of such filing, other than the deadline imposed by L.R. 23-3, no pretrial schedule had been set by the Court, in fact, no scheduling conference had even been set. Pursuant to Order of this Court, the ex parte application was denied because the district court determined that Petitioner had not satisfied the requirements for *ex parte* relief; however, the certification deadline was briefly continued to permit Petitioner to seek relief by fully noticed motion.[5]

Petitioner filed a formal motion to continue the class certification filing deadline on September 6, 2018 (ER000155-ER000164.) The relief was not opposed by Respondent. The motion was on for hearing before the Court on

---

[4] As a default rule, litigants service effectuated through protocols established by the Hague Convention can expect service through the Central Authority to take at least six months. Charles Routh, Dispute Resolution--Representing the Foreign Client in Arbitration and Litigation, in Going International: Fundamentals of International Business Transactions 483, 491 (2004) cited in (ER000162 at Fn 7.)
[5] ER000011.

October 1, 2018 and was denied[6].  (ER000002.) The district court, in essence,

bifurcated the certification motion by defendant such that, to the extent the Court's

resolution of any such Motion did not also resolve the certifiability of the proposed

Nationwide Class, the Court would set a deadline for a second Motion for Class

Certification as to the Nationwide Class once Airbus had appeared in the action.

(ER000003.)

### 3.  Proceedings Related to Class Certification

Given the time for the pleadings to be settled and the timeframes proscribed

by L.R. 23-3, Petitioner could not conduct discovery necessary to prepare her

motion for class certification in advance of the filing date.  Specifically. Petitioner

requested leave to propound discovery including, *inter alia,* the flight manifest, the

circumstances, policies and procedures relating to the grounding of Petitioner's

flight and the quarantining of passengers in the terminal.  (ER0000092.)  As noted

above, these requests were denied.  (ER000002-3; ER000009; ER000011-12.)

Nevertheless, in accordance with Court Order, Petitioner timely filed her

motion for class certification moving to certify two classes.  The first class is a

Nationwide Class for which certification was sought solely as to the strict liability,

negligence and breach of warranties claims.  The "Nationwide Class" is defined as

---

[6] Although Petitioner requested a copy of the hearing transcript on October 8, 2018, the transcript has not yet been received and thus, cannot be included in the Excerpts of Record filed herewith.  Petitioner will seek to amend the excerpts upon receipt.

all "persons in the United States who have flown in one of Defendants' aircraft that have experienced a bleed air event". (ER000087.)

The second class was limited to passengers on Petitioners' flight for which certification is sought as to all claims for relief alleged in the First Amended Complaint. This "Flight 1630" class is defined as, "all passengers in the United States who were on Frontier Airlines Flight 1630 on June 2, 2017."[7] (ER000088.)

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the District Court found that this matter was appropriate for decision without oral argument. (ER000001) The district court then denied certification finding that claims do not predominate and class treatment is not a superior method for fairly and efficiently resolving the controversy." (ER000006.) The Court also determined that "seeking to impose liability for the fume event experienced by the Flight 1630 Class, and class treatment fails to satisfy the typicality and commonality requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3)." (ER000007.)

---

[7] Both classes specifically excluded Defendants, the officers, directors, or employees of Defendants, any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants. Also excluded were any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

## V.  REASONS WHY AN APPEAL SHOULD BE PERMITTED

Fed.R.Civ.P. 23(f) provides that "a court of appeals may permit an appeal from an order granting or denying class action certification." *Id*.; see also, *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 662 (9th Cir. 2004).  In the Ninth Circuit, a Fed.R.Civ.P 23(f) petition presents a case worthy of interlocutory review where:

> there is a death-knell situation for either the plaintiff or defendant that is independent of the merits of the underlying claims, coupled with a class certification decision by the district court that is questionable; (2) the certification decision presents an unsettled and fundamental issue of law relating to class actions, important both to the specific litigation and generally, that is likely to evade end-of-the-case review; or (3) the district court's class certification decision is manifestly erroneous.

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005).

Ordinarily, a case warranting interlocutory review of a class certification order will fit within one or more of these guidelines. But the guidelines are not a "rigid test", and the Court will exercise its discretion in granting or denying Rule 23(f) review on a case-by-case basis.  *Id.* at 960.  In this regard, the Ninth Circuit has determined that review is warranted "when the district court's decision is manifestly erroneous -- even absent a showing of another factor".  *Id.* at 959.

This Court should permit an appeal of the district court's order denying Petitioner's Motion for Class Certification because the balance of the guidelines specified in *Chamberlan* tip strongly in Petitioner's favor.

## A.     The Denial Of Class Certification Sounds The Death Knell For The Claims Of Petitioner And All Other Class Members

Rather than allowing Petitioner to take on the goliaths Airbus and Frontier in her representative capacity for the class, the district court's order compels her to individually litigate his claims.  Unfortunately, in this case, absent a class action, Petitioner and the other class members have no meaningful redress against these companies.  Other circuits have recognized that "where the high cost of litigation grossly exceeds an individual plaintiff's damages, the denial of class certification sounds the death knell of plaintiff's claims." *Vallerio v. Vandehay*, 554 F.3d 1259, 1263 (10th Cir. 2009), citing *Blair v. Equifax.*, 181 F.3d 832, 834 (7th Cir. 1999).

While the damages will vary amongst class members the typical claim is far too small for any individual class member to justify pursuing a separate action.  Rather, each individual's claim, standing alone, is a "negative value" claim – that is, a claim whose value would be dwarfed by the cost of litigating the claim.

A class action is the only feasible means by which individual consumers with negative value claims can hope to obtain a cost-effective remedy.  As the court explained in *DuPont Glore Forgan, Inc. v. American Telephone and Telegraph Co.*, 69 F.R.D. 481 (S.D.N.Y. 1975):

> [T]he time-cost factor of legal fees in view of the vigor of defendants' opposition make it uneconomical to proceed with the suit on an individual basis even assuming an ultimate recovery ... Thus, the assertion that this action will not go forward at all if class

10

action status is denied is plausible. The hard fact is that economic
reality indicates the likelihood that unless this action is permitted to
proceed as a class suit, it is the end of this litigation.

*Id*. at 487.

As in *DuPont*, in the absence of class certification, pursuing Petitioner's
individual claims is simply not economical in this case. Likewise, it is virtually
certain that none of the other class members' individual claims will go forward.
Therefore, the district court's denial of class certification signals the death knell for
the case unless this Court grants review under Fed.R.Civ.P. 23(f).

**B.    The District Court's Decision Is Manifestly Erroneous**

The district court's order manifests two clear and egregious errors resulting
in the flawed and erroneous finding that Petitioner cannot satisfy the Rule 23
requirements for certification.

**1.    The District Court's Erred In Denying Petitioner Discovery
and Then, In the Absence of a Factual Records Made Fact-
Specific Findings Resulting in Denial of Petitioner's Motion
for Class Certification**

This Court has held that a trial court abuses its discretion in refusing to
permit class discovery where a plaintiff has either made a *prima facie* showing that
the class action requirements of Rule 23 are satisfied, or has shown discovery is
likely to substantiate the class allegations. *Mantolete v. Bolger*, 767 F.2d 1416,

11

1424 (9th Cir. 1985), as amended (Aug. 27, 1985); *Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977) (upholding denial of class certification where class discovery not permitted because, *inter alia*, evidence showed "that regardless of the discovery that might have been undertaken" certain requirements of Rule 23 "could never be met"); *Kaminske v. JP Morgan Chase Bank, N.A*., 2010 WL 5782995, at *2 (C.D. Cal. May 21, 2010) (upholding discretion of magistrate judge to require *prima facie* showing, but noting "there is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases, and it may very well be the case that courts routinely do not require such a showing").

Clearly, the "advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable." *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Doninger*, 564 F.2d at 1313) (internal quotations omitted). "And, the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Doninger*, 564 F.2d at 1313 (citations omitted).

This quandary noted by *Doninger* is exactly the factual scenario presented in this action. The information needed to establish the Rule 23 factors are in the exclusive possession of the defendants in this action, and other independent third-

12

party witnesses (the identities of many of whom are known only to defendants at this stage of the litigation). By refusing to permit discovery, the district court effectively precluded Petitioner from compiling the evidence needed to certify the action.

The denial of the false imprisonment claim illustrates the need for discovery in complex cases such as this. As the district court correctly noted, "[t]he false imprisonment claim alleged on behalf of the Flight 1630 Class requires Plaintiff to prove that Frontier engaged in the nonconsensual, intentional confinement of the passengers, without lawful privilege, for an appreciable length of time. *Scofield v. Critical Air Medicine, Inc.*, 45 Cal. App. 4th 990, 1001, 52 Cal. Rptr. 2d 915, 920 (1996). The restraint necessary to establish false imprisonment "may be effectuated by means of physical force, threat of force or arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." *Id*. (citations omitted). To this end, Petitioner requested discovery including, but not limited to:

- the plane manifest so that she could interview other passengers about the consent issue;

- Frontier's policies and practices regarding the grounding of flights and re-routing of passengers;

- Information regarding flight availability and schedules at the time the flight was grounded.[8]

In this action, discovery cannot not be propounded upon defendant Airbus until service has been effectuated. Moreover, given the claims at issue and the nature of the discovery sought (much of which involves third party-privacy issues and/or information that may require clearance from governmental agencies) Petitioner could not conduct discovery as to Respondent, other entities and witnesses, in the time allocated by Local Rule 23-3.

Petitioner requested leave to conduct such discovery, however, such request was consistently denied by the district court. Instead, in the absence of any factual evidence (either militating against certification, or in favor thereof) the district court determined that this claim fails to satisfy the predominance and superiority requirements of Rule 23(b)(3). Such determination was based on the district court's factual findings that "not every passenger was confined to the terminal, and some passengers may have consented to staying in the terminal late at night in Phoenix while Frontier attempted to assess the situation and provide alternatives for the diverted flight and passengers." (ER000007.) Such facts were not presented by witness statements or documentary evidence, but rather were culled from

---

[8] See ER000092. Additionally, many of these issues were addressed at the Scheduling Conference and hearing on Petitioner's Motion for Relief from Local Rule 23-3.

allegations in the complaint/Petitioner's declaration (both predicated solely on Petitioner's limited knowledge and perceptions) or derived from speculations of the district court. Even assuming such facts were correct, however, it is likely that, given proper discovery, Petitioner could narrow her class or sub-class further to minimize any individualized issues.

Simply, as this Court acknowledged, the failure of the district court to allow precertification discovery where, as here, it is necessary to determine the existence of a class is an abuse of discretion. *Kamm v. Cal. City Dev. Co*., 509 F.2d 205, 210 (9th Cir.1975).

## 2. The District Court Committed Error In Failing to Grant Petitioner Relief from Local Rule 23-3

Central District Local Rule 23-3 provides in pertinent part: "[w]ithin 90 days after service of a pleading purporting to commence a class action ... the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." The purpose of Local Rule 23-3 "is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability *as soon as practicable*." *Molina v. Cafe Rio, Inc*., No. ED CV 12-1858-JFW SP, 2013 WL 7174022, at *1 (C.D. Cal. July 12, 2013)(emphasis

added) Thus, the intent of the drafter was to mirror and comport the Federal Rule

of Civil Procedure Rule 23[9].  However, the Rule has failed to keep pace with

amendments to Rule 23 and relevant legal authority and, as this Court has

determined, proven incompatible with the Federal Rules.

In 2003, amendments to Federal Rule of Civil Procedure 23(c)(1)(A)

changed the requirement that the Court determine whether to certify a class "as

soon as practicable after commencement of an action" to "at an early practicable

time." LR 23-3, which was predicated on the prior version of Rule 23(c)(1), has

not been revised, in spite of the 2003 amendments to Rule 23(c)(1). The comments

to the 2003 amendments to Federal Rule of Civil Procedure 23, underscore the

antiquity of Local Rule 23-3:

> The "as soon as practicable" exaction neither reflects prevailing practice
> nor captures the many valid reasons that may justify deferring the initial
> certification decision. Time may be needed to gather information
> necessary to make the certification decision. Although an evaluation of
> the probable outcome on the merits is not properly part of the
> certification decision, discovery in aid of the certification decision often
> includes information required to identify the nature of the issues that
> actually will be presented at trial. In this sense it is appropriate to
> conduct controlled discovery into the "merits," limited to those aspects
> relevant to making the certification decision on an informed basis.
> Active judicial supervision may be required to achieve the most effective
> balance that expedites an informed certification determination without
> forcing an artificial and ultimately wasteful division between
> "certification discovery" and "merits discovery." A critical need is to

---

[9] Federal Rule of Civil Procedure 23 provides "[a]t an early practicable time after a
person sues or is sued as a class representative, the court must determine by order
whether to certify the action as a class action." Fed.R..Civ.P. 23(c)(1)(A).

determine how the case will be tried. An increasing number of courts require a party requesting class certification to present a "trial plan" that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof. (citations omitted).

Indeed, the amendment further notes, as was the case in this litigation, that "other considerations" may affect the timing of the certification decision including that the "opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.[10]"

The United State Supreme Court's ruling in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011) further underscored the impracticality of L.R. 23-3' s ninety-day filing requirement. In *Walmart*, the Supreme Court clarified:

> Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. …. [T]he class

---

[10] Here, the parties proposed staging the litigation so that dispositive motions on issues such as preemption were heard in advance of the certification motion, in order to potentially narrow the issues of the litigation. This request was denied by the district court.

determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' "

*Walmart*, 564 U.S. 338, 350-51(citations omitted).

Following the 2003 amendment, and the evolution of certification jurisprudence through issuance of legal authority such as *Walmart,* this Court noted the friction between L.R. 23-3 and Federal Rule of Civil Procedure 23. In *Balser v. Hain Celestial Grp., Inc*., 640 F. App'x 694, 696 (9th Cir. 2016) this Court noted:

> We note that the schedule contemplated by Central District of California Local Rule 23–3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage. See *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011); see also Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be ignored as inconsistent with federal rules and obsolete).

While the presumed impetus for the District Court's dogged adherence to this draconian rule – timely management of the litigation- is a laudable and important goal, as the proposed Amendments to the Rule 23 acknowledge "active management" can ensure that the certification decision is not unjustifiably delayed.

## VI. CONCLUSION

Here, the district court disregarded legal authority and committed errors of law in denying Petitioner the opportunity to conduct discovery in advance of filing her motion for class certification. For this reason, this Court should grant the Rule 23(f) Petition for permission to appeal the district court's order denying Petitioner's Motion for Class Certification.

Respectfully submitted,

BRADLEY/GROMBACHER LLP


By: _/s/ Kiley Lynn Grombacher_
        Kiley Lynn Grombacher
        Attorneys for Petitioner

## CERTIFICATE OF COMPLIANCE WITH RULE 32(c)(2)

1.  Pursuant to Fed. R. App. P. 32(c)(2), FRAP 5(c) and Ninth Circuit Rule 32-1, the attached petition is proportionately spaced, has a typeface of 14 points or more.  The Petition is 19 pages in length.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the style type requirements of Fed. R. App. P. 32(a)(6) because it was prepared using proportionately spaced typeface using Microsoft Office Word 2003 in Times New Roman 14 point font.

BRADLEY/GROMBACHER LLP


By: _/s/ Kiley Lynn Grombacher_
Kiley L. Grombacher
Attorneys for Petitioner

9th Circuit Case Number(s) [                    ]

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [November 23, 2018] .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) [/s/ Kiley Lynn Grombacher]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) [                    ] .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

[                                                                    ]

Signature (use "s/" format) [                    ]