IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Docket No.
_____

ANDREA RIDGELL, on behalf of herself and all others similarly situated,

Petitioner,

v.

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,

Respondent,

FRONTIER AIRLINES, INC.,

Real Parties in Interest.
_____

From the United States District Court, Northern District of California
Case No. 2:18-cv-04916-PA-AFM

APPENDIX (Vol. 1 of 2)
_____

| | |
|---|---|
| Marcus J. Bradley CBN 174156 | Kristi D. Rothschild CBN 222727 |
| Kiley L. Grombacher CBN 245960 | Rothschild and Alwill APC |
| Bradley/Grombacher LLP | 27 West Anapamu Street Suite 289 |
| 2815 Townsgate Road Suite 130 | Santa Barbara, CA 93101 |
| Westlake Village, CA 91361 | Phone: (805) 845-1190 |
| Phone: (805) 270-7100 | Fax: (805) 456-0132 |
| Fax: (805) 270-7589 | |

Attorneys for Petitioner

# TABLE OF CONTENTS

| Record Tab | Volume | District Court Docket Number | Date | Description | Bates Number |
|---|---|---|---|---|---|
| 1 | 1 | 42 | 11/9/2018 | Order Denying Plaintiff's Motion for Class Certification | ER000001-ER000008 |
| 2 | 1 | 30 | 10/01/2018 | Civil Minutes Denying Plaintiff's Motion for Relief from Deadline Imposed by Local Rule 23-3 | ER000009-ER0000010 |
| 3 | 1 | 20 | 8/28/2018 | Minutes (In Chambers) - Court Order Denying Motion for Ex Parte Relief | ER0000011-ER0000012 |
| 4 | 2 | 41 | 11/5/18 | Reply in Support of Motion for Class Certification | ER0000013-ER0000017 |
| 5 | 2 | 40 | 10/29/18 | Frontier Airlines Inc.'s Opposition to Plaintiff's Motion for Class Certification | ER0000018-ER0000044 |
| 6 | 2 | 40-1 | 10/29/18 | Declaration Valerie W. Tyler in Support of Opposition re: Notice of Motion and Motion to Certify Class | ER0000045-ER0000075 |
| 7 | 2 | 40-3 | 10/29/18 | Declaration Jeffrey J. Ellis in Support of Opposition re: Notice of Motion and Motion to Certify Class | ER0000076-ER0000079 |
| 8 | 2 | 39 | 10/23/18 | Declaration of Andrea Ridgell in Support of Motion to Certify Class | ER0000080-ER0000084 |
| 9 | 2 | 38 | 10/22/18 | Notice of Motion and Motion for Class Certification | ER0000085-ER000096 |
| 10 | 2 | 38-1 | 10/22/18 | Declaration of Marcus J. Bradley in Support of Motion to Certify Class | ER000097-ER000104 |

| | | | | | |
|---|---|---|---|---|---|
| 11 | 2 | 38-2 | 10/22/18 | Declaration of Kiley L. Grombacher in Support of Motion to Certify Class | ER000105-ER000107 |
| 12 | 2 | 38-3 | 10/22/18 | Declaration of Andrea Ridgell in Support of Motion to Certify Class | ER000108-ER000112 |
| 13 | 2 | 33 | 10/5/18 | First Amended Class Action Complaint | ER000113-ER000138 |
| 14 | 2 | 24 | 9/20/18 | Frontier Airlines Inc.'s Notice of Non-Opposition to Plaintiff's Motion for Relief from Deadline Imposed by Local Rule 23-3 | ER000139-ER000142 |
| 15 | 2 | 23 | 9/17/18 | Joint Report Pursuant to Federal Rule of Civil Procedure 26(F), Local Rule 26-1, And the Court's Scheduling Order | ER000143-ER000154 |
| 16 | 2 | 21 | 9/6/18 | Plaintiff's Notice Of Motion And Motion For Relief From Deadline Imposed By Local Rule 23-3; Memorandum Of Points And Authorities In Support Thereof | ER000155-ER000164 |
| 17 | 2 | 21-1 | | Declaration Of Kiley Lynn Grombacher In Support Of Motion For Relief From Deadlines Imposed By Local Rule 23-3 | ER000165-ER000168 |
| 18 | 2 | 22 | 9/6/18 | Plaintiff's Request for Judicial Notice re: Notice of Motion and Motion for Relief from Deadline Imposed by Local Rule 23-3 | ER000169-ER000237 |
| 19 | 2 | 19 | 8/29/18 | Notice of Non-Opposition to Ex Parte Application for Relief from Deadline Imposed | ER0002389-ER000241 |

| | | | | | |
|---|---|---|---|---|---|
| 20 | 2 | 18 | 8/28/18 | by Local Rule 23-3 Ex Parte Application for Relief from Deadline Imposed by Local Rule 23-3 filed | ER000242-ER000252 |
| 21 | 2 | 18-1 | 8/28/18 | Request for Judicial Notice. | ER000253-ER000321 |
| 22 | 2 | 18-2 | 8/28/18 | Declaration of Kiley Grombacher In Support of Motion for Relief. | ER000322-ER000325 |
| 23 | 2 | | | District Court Docket For Case #: 2:18-cv-04916-PA-AFM | ER000326-ER000332 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Class Certification (Docket No. 38) filed by plaintiff Andrea Ridgell ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for November 19, 2018, is vacated, and the matter taken off calendar.

### I. Factual & Procedural Background

Plaintiff's operative First Amended Complaint ("1st AC") asserts claims against defendants Frontier Airlines, Inc. ("Frontier") and Airbus S.A.S. ("Airbus") arising out of a "fume" or "bleed air" event occurring on her flight that she alleges exposed her and her fellow passengers to toxic fumes. Her flight, Flight No. 1630, was scheduled to depart from Los Angeles at 10:19 p.m. on June 2, 2017, and arrive in Orlando the following morning. About two hours into the flight, the aircraft, which Plaintiff believes was an Airbus A320, experienced a problem with the air quality in the passenger cabin and was diverted to Phoenix. Plaintiff alleges that many of the passengers, including Plaintiff, "experienced physical distress including one or more of the following non-exhaustive symptoms: passing out, choking, coughing and eye irritation." The 1st AC alleges that some of the passengers were analyzed by paramedics and others were taken to the hospital. Plaintiff alleges that, although "they each requested to leave, the passengers were confined in the terminal," were not allowed to board other flights or to leave the terminal area. Frontier provided each passenger with a $200 travel voucher.

Plaintiff brings this action individually and on behalf of all other persons similarly situated. The classes which Plaintiff seeks to represent are defined as:

> Nationwide Class
> All persons in the United States who have flown in one of
> Defendants' aircraft that have experienced a bleed air event.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

> Specifically excluded from this Class are Defendants, the officers, directors, or employees of Defendants, any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants. Also excluded any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.
>
> Flight 1630 Class
> All passengers in the United States who were on Frontier Airlines Flight 1630 on June 2, 2017.

The 1st AC contains claims for: (1) strict products liability; (2) breach of warranties; (3) negligence; (4) negligent infliction of emotional distress; and (5) false imprisonment (on behalf of only the Flight 1630 class). The 1st AC alleges that the Court possesses subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

## II. Request for Continuance of Class Certification Deadline

In her Motion for Class Certification, Plaintiff requests a continuance of the Local Rule 23-3 deadline for class certification to conduct discovery to support her Motion. Specifically, Plaintiff states that she requires discovery concerning the flight manifest, Frontier's fleet of aircraft and maintenance records, internal reports concerning Flight 1630, aircraft design specifications, policies and procedures regarding fume events and terminal confinements, and the facts concerning the "quarantining" of passengers on Flight 1630.

This is the third time that Plaintiff has requested a continuance of the deadline for her to seek class certification. Plaintiff initially filed an Ex Parte Application for Relief from the Deadline Imposed by Local Rule 23-3 on August 28, 2018. The Court denied Plaintiff's Ex Parte Application because it did not satisfy the requirements for ex parte relief. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). In denying Plaintiff's Ex Parte Application, the Court continued the Rule 23-3 deadline to allow Plaintiff to file a regularly-noticed Motion for Relief from Local Rule 23-3. Plaintiff then filed a Motion for Relief from Local Rule 23-3. The only argument Plaintiff made in her Motion for Relief from Local Rule 23-3 to support her request for additional time to file a Motion for Class Certification was that, although she had initiated the Hague Convention's process to serve Airbus in France, she was still waiting for that process to be completed. Plaintiff's Motion for Relief from Local Rule 23-3 did not identify any discovery that Plaintiff required from Frontier or any reason why

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

she required additional time to seek certification of her class claims asserted against Frontier. Based on the absence of any argument in her Motion for Relief from Local Rule 23-3 why Plaintiff could not move to certify her class claims against Frontier, the Court denied the Motion for Relief from Local Rule 23-3 as to Frontier, but stated that, to the extent the Court's resolution of any such Motion did not also resolve the certifiability of the proposed Nationwide Class, the Court would set a deadline for a second Motion for Class Certification as to the Nationwide Class once Airbus had appeared in the action.

To the extent Plaintiff once again seeks to continue the deadline for class certification with respect to Frontier, the Court construes Plaintiff's request as a Motion for Reconsideration. Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Fed. R. Civ. P. 60(b); see also School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that reconsideration of an order pursuant to Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). For purposes of Rule 60(b), "excusable neglect" includes negligence on the part of counsel. Bateman v. U.S. Postal Service, 231 F.3d 1220, 1223 (9th Cir. 2000). The determination of whether neglect is excusable "is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. at 1223-24 (citing Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 3d 75 (1993)). Application of rule 60(b) and determination of excusable neglect is committed to the sound discretion of the district court. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2001). "Rule 60(b) is remedial in nature and therefore must be liberally applied." Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Local Rule 7-18 further provides that a party may bring a motion for reconsideration only by demonstrating:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

Here, Plaintiff's Motion for Reconsideration does not satisfy the requirements for reconsideration. Specifically, Plaintiff does not cite newly discovered evidence, argue that the Court committed clear error, or rely on an intervening change in controlling law. Instead, Plaintiff makes arguments that were available to her, and through the exercise of reasonable diligence would have been known by her, when she filed the Motion for Relief from Local Rule 23-3. Additionally, as will be discussed below, none of the discovery Plaintiff seeks is necessary for the resolution of the Motion for Class Certification. The Court therefore denies Plaintiff's procedurally and substantively deficient request to further delay consideration of Plaintiff's Motion for Class Certification.

### III. Legal Standard for Class Certification

To obtain class certification, a plaintiff must satisfy the four requirements of Federal Rule of Civil Procedure 23(a) and the requirements of one of the Rule 23(b) subdivisions. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) requires the plaintiff to demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. Proc. 23(a). To obtain class certification, "actual, not presumed, conformance with Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

23(a) [is] . . . indispensable." Gen. Tel. Co. v. Falcon, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740, 752 (1982). In addition, Rule 23(b)(3) requires findings that (1) the common questions of law or fact predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. Proc. 23(b)(3).

A district court must conduct a "rigorous analysis" to ensure Rule 23 requirements are satisfied. Zinser, 253 F.3d at 1186. As the Ninth Circuit has explained, this rigorous analysis "does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims." Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 581 (9th Cir. 2009), rev'd on other grounds, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (discussing Falcon, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 ). Thus, while a court at the class certification stage is prohibited from making determinations on the merits that do not overlap with the Rule 23 inquiry, district courts must make determinations that each requirement of Rule 23 is actually met. Id. at 582. "Rule 23 provides district courts with broad discretion to determine whether a class should be certified . . . ." Armstrong v. Davis, 275 F.3d 849, 871 n.28 (9th Cir. 2001).

Although neither the Ninth Circuit nor the Supreme Court has decisively attached a standard of proof to Rule 23's requirements, many courts apply the preponderance of the evidence standard. See, e.g., Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc., 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements."); In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 321–22 (3d Cir. 2008); Mekhitarian v. Deloitte & Touche (ICS), LLC, No. CV 07-412 DSF (MANx), 2009 WL 6057248, at *5 (C.D. Cal. Nov. 3, 2009) ("Because the Court finds that the preponderance standard of Rule 23(b)(3) is not met, it does not decide if all of the Rule 23(a) factors are satisfied."). The Court finds that this is the appropriate burden of proof.

**IV. Analysis**

In its Opposition to Plaintiff's Motion for Class Certification, Frontier calls into question the sufficiency of Plaintiff's claims against it and asserts that those claims should be dismissed for failing to state a claim. These arguments are inappropriate at the class certification stage and the Court declines to address them. Frontier's Opposition also contends that no class should be certified because Plaintiff fails to satisfy Rule 23(a)'s requirements for certification, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

certification under Rule 23(b) is inappropriate because class claims do not predominate and class treatment is not a superior method for fairly and efficiently resolving the controversy.[1/]

At the scheduling conference conducted on October 1, 2018, Plaintiff's counsel represented that only the named plaintiff is seeking damages for personal injury for exposure to the fume event, and that the class members are only seeking economic damages to recover the cost of the ticket each class member purchased. However, subsequent to the scheduling conference, Plaintiff filed the 1st AC, which does not differentiate between the damages Plaintiff seeks and those sought on behalf of the class. In fact, the 1st AC alleges that the "bleed" air system employed on the Airbus aircraft operated by Frontier "caused damage to Plaintiff and other passengers in the form of personal injury and lost money" and seeks an "order awarding Plaintiff and the proposed Class members compensatory, general and special damages and punitive damages in an amount to be proven at trial." (1st AC at 2:19-20 & 26:6-8.) Plaintiff's Motion for Class Certification similarly does not differentiate between the theories of liability or damages that are sought on behalf of Plaintiff individually and those sought on behalf of the proposed class members.

Even if Plaintiff were seeking damages on behalf of the class members based on the price they paid for their tickets, rather than the compensatory, general, special, and punitive damages alleged in the 1st AC, Plaintiff's theory of liability on behalf of those class members relies on the personal injuries they allegedly suffered as a result of the bleed air events for the Nationwide Class and the false imprisonment allegedly suffered by the Flight 1630 Class. The Ninth Circuit "has recognized the potential difficulties of 'commonality' and 'management' inherent in certifying products liability class actions." Zinser, 253 F.3d at 1186 (citing In re Am. Med. Sys., Inc., 75 F.3d 1069, 1084 (6th Cir. 1996) (courts must exercise great care before certifying products liability class, because such cases usually involve factual and legal issues that vary dramatically from individual to individual)); see also Valentino v. Cater-Wallace, Inc., 97 F.3d 1227, 1230 (9th Cir. 1996) ("We hold that the law of this circuit, and more specifically our leading decision in Dalkon Shield, [693 F.2d 847 (9th Cir. 1982),] does not create any absolute

---

[1/] Although neither party has identified the number of people who may be members of the Nationwide Class, Frontier admits that the numerosity requirement of the Flight 1630 Class is "likely met." Because the Airbus A320 planes that Frontier operates hold approximately 180 passengers, the Court concludes that Plaintiff has satisfied the Rule 23(a) numerosity requirement. See In re Cooper Cos. Sec. Litig., 254 F.R.D. 628, 634 (C.D. Cal. 2009) (holding that numerosity is presumed where the plaintiff class contains forty or more members). For purposes of this Motion, the Court also concludes that Plaintiff and her counsel satisfy Rule 23(a)'s "adequacy" requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

bar to the certification of a multi-state plaintiff class action in the medical products liability context. We decline to hold, at least at this early stage of the litigation, that there can never be a plaintiff class certification in this particular case. We do hold, however, on the basis of the record before us, that we must vacate this class certification order, because there has been no demonstration of how this class satisfies important Rule 23 requirements, including predominance of common issues over individual issues and the superiority of class adjudication over other litigation alternatives." (emphasis added)); McDonnell-Douglas Corp. v. U.S. Dist. Court for the Central Dist. of Cal., 523 F.2d 1083, 1085 (9th Cir. 1975) (holding that Rule 23 does not "permit certifications of a class whose members have independent tort claims arising out of the same occurrence and whose representatives assert only liability for damages").

Plaintiff's 1st AC alleges that "some of the [Flight 1630] passengers were analyzed by paramedics, others were taken to the hospital." This allegation indicates that the individual passengers had different exposures and reactions to the alleged fume event. As a result, individualized determinations appear necessary on the issue of liability for each of the claims seeking to impose liability for the fume event experienced by the Flight 1630 Class, and class treatment fails to satisfy the typicality and commonality requirements of Rule 23(a) and the predominance and superiority requirements of Rule 23(b)(3). See Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) ("'What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.'" (quoting Richard Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 132 (2009)); see also Zinser, 253 F.3d at 1189.

The false imprisonment claim alleged on behalf of the Flight 1630 Class requires Plaintiff to prove that Frontier engaged in the nonconsensual, intentional confinement of the passengers, without lawful privilege, for an appreciable length of time. Scofield v. Critical Air Medicine, Inc., 45 Cal. App. 4th 990, 1001, 52 Cal. Rptr. 2d 915, 920 (1996). The restraint necessary to establish false imprisonment "may be effectuated by means of physical force, threat of force or arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." Id. (citations omitted). Because, at a minimum, not every passenger was confined to the terminal, and some passengers may have consented to staying in the terminal late at night in Phoenix while Frontier attempted to assess the situation and provide alternatives for the diverted flight and passengers, this claim fails to satisfy the predominance and superiority requirements of Rule 23(b)(3). Zinser, 253 F.3d at 1192 ("We have previously held that when the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication."); id. ("If each class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

member has to litigate numerous and substantial issues to recover individually, a class action is not 'superior.'").

      The typicality, commonality, predominance, and superiority issues that preclude certification of the Flight 1630 Class are exponentially more complex when considering Plaintiff's proposed Nationwide Class, which would require individualized determinations concerning not just each fume event, but the exposures and reactions of the passengers involved in each of those fume events for an unidentified number of Airbus aircraft and flights.

### Conclusion

      For the foregoing reasons, the Court concludes that Plaintiff has not satisfied Rule 23's requirements for either the Nationwide or Flight 1630 classes she seeks the certify. The Court therefore denies Plaintiff's Motion for Class Certification.

      IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | October 1, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Phyllis Preston | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kiley Lynn Grombacher | Kevin R. Sutherland |
| | Jeffrey Ellis |

**Proceedings:** SCHEDULING CONFERENCE
MOTION for Relief from Deadline Imposed by Local Rule 23-3 [21]

A scheduling conference is held. Dates set by the Court in this action are listed in the "Schedule of Trial and Pretrial Dates" attached to this order. The dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates.

Before the Court is Plaintiff's Motion for Relief from Deadline Imposed by Local Rule 23-3 [Dkt. No. 21]. For the reasons stated on the record the motion is denied. The present deadline imposed by Local Rule 23-3 is October 22, 2018. Any oppositions and replies to any motion that's filed as to that issue are dictated by the local rules of this court.

The Court has entered a Protective Order in this action. A copy of the Protective Order will be served on the parties. The Protective Order may be modified or supplemented by the parties. However, given the trial and pretrial dates set by the Court, disputes concerning the Protective Order should not delay the parties' prosecution of this action.

Pursuant to the agreement of the parties, this matter has been referred to private mediation. The parties have fourteen (14) days to select a mediator who has no conflicts and is otherwise available to act as the settlement officer in this matter. If the parties are unable to agree on a mediator, each side shall submit to the Court the name of a mediator who agrees to act as the settlement officer. The Court will then randomly select the settlement officer.

IT IS SO ORDERED.

| | : | 42 |
|---|---|---|
| | Initials of Deputy Clerk | KSS |

Schedule of Trial and Pretrial Dates

| | |
|---|---|
| **CASE NO.:** | CV 18-04916 |

| | |
|---|---|
| **PARTIES:** | Andrea Ridgell |
| | -v- |
| | **Frontier Airlines, Inc., et al.** |
| **COMPLAINT FILED:** | 06/01/18 |

| | |
|---|---|
| **TRIAL TYPE:** | Jury |

| | |
|---|---|
| SETTLEMENT CHOICE: | |
| Court/Magistrate | |
| Court's Mediation Panel | |
| Private Dispute Resolution | X |
| Judicial Settlement Panel | |

| DATE | MATTER |
|---|---|
| 08/20/19 | Jury Trial at 9:00 a.m. |
| 08/15/19 | File Final Trial Exhibit Stipulation |
| 08/12/19 | Hearing on Motions in Limine at 1:30 p.m. |
| | Hearing on Disputed Jury Instructions at 1:30 p.m. |
| 07/19/19 | Final Pretrial Conference at 1:30 p.m. |
| | Motions in Limine to be Filed |
| | Proposed Voir Dire Questions & Agreed-to Statement of Case |
| 07/05/19 | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation |
| | File Contentions of Fact & Law |
| | Exhibit & Witness Lists |
| | File Joint Status Report Regarding Settlement |
| | File Agreed Upon Set of Instructions & Verdict Forms |
| | File Joint Statement Regarding Disputed Instructions, Verdicts, etc. |
| 06/24/19 | Last Date to Conduct Settlement Conference |
| 06/17/19 | Last Day for Hearing Motions |
| 06/10/19 | Discovery Cut-off |
| 12/27/18 | Last Day for Hearing on Motion to Amend Pleadings or Add Parties |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is an Ex Parte Application for Relief from Deadline Imposed by Local Rule 23-3 filed by plaintiff Andrea Ridgell ("Plaintiff") (Docket No. 18). Plaintiff seeks relief from Local Rule 23-3's timing requirement for the filing of a Motion for Class Certification. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." Plaintiff filed this action in this Court on June 1, 2018, and served the Summons and Complaint on defendant Frontier Airlines, Inc. ("Frontier") on June 15, 2018. According to Plaintiff's Ex Parte Application, she has not yet served defendant Airbus S.A.S. ("Airbus") with the Summons and Complaint because service on Airbus requires compliance with the Hague Convention. Based on Plaintiff's service of the Summons and Complaint on Frontier, the deadline established by Local Rule 23-3 is September 13, 2018.

To justify ex parte relief, the moving party must demonstrate two things: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff has not satisfactorily explained why she could not have sought relief from Local Rule 23-3 through a regularly-noticed Motion rather than delaying until a point in time when such a Motion could not be filed and heard prior to the Local Rule 23-3 deadline. Instead, Plaintiff's delay in seeking relief has created the "emergency" she claims justifies ex parte relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

Neither this Court nor Frontier should have to rush to consider Plaintiff's Ex Parte Application merely because Plaintiff did not seek such relief sooner. Nevertheless, and so that both Frontier and the Court have the time contemplated for opposing and considering such a Motion, the Court will continue the Local Rule 23-3 deadline to October 22, 2018, so that Plaintiff may file a regularly-noticed Motion for Relief from Local Rule 23-3. Plaintiff shall file such a Motion, pursuant to Local Rule 6-1 and the Court's Standing Order, by no later than September 6, 2018, and set the Motion for a hearing on October 15, 2018. The Court's extension of the Local Rule 23-3 deadline to October 22, 2018, is without prejudice to a further extension should Plaintiff establish good cause for additional relief.

      IT IS SO ORDERED.