**No. 18-80170**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

ANDREA RIDGELL, on behalf of herself and all others similarly
situated,

*Plaintiff/Petitioner,*

v.

FRONTIER AIRLINES, INC.,

*Defendant/Respondent.*

_____

On Petition for Permission to Appeal from the United States District
Court for the Central District of California
No. 2:18-cv-04916-PA-AFM
Hon. Percy Anderson

_____

**ANSWER IN OPPOSITION TO PETITION FOR
PERMISSION TO APPEAL**

_____

Kevin R. Sutherland
Natasha N. Mikha
CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7699

Jeffrey J. Ellis
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 710-3900
Facsimile: (212) 710-3950

*Attorneys for Respondent*
Frontier Airlines, Inc.

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................ i

TABLE OF AUTHORITIES ................................................................... ii

DISCLOSURE STATEMENT ................................................................ iv

INTRODUCTION ...................................................................................1

FACTUAL BACKGROUND ..................................................................4

ARGUMENT ..........................................................................................7

    I.    PETITIONER'S REQUEST FOR PERMISSION TO APPEAL THE ORDER DENYING HER MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED....................................................................7

        A.    A Potential "Death Knell" To The Litigation Is Insufficient For Interlocutory Review Without "Error" By The District Court   8

        B.    The District Court's Orders Denying Pre-Certification Discovery And Extension Of The Certification Deadline Were Not "Manifestly Erroneous" .......................................................9

            1.    There Was No Error In Denying Petitioner's Requests For Pre-Certification Discovery .....................................11

            2.    There Was No Error In Failing To Grant Relief From Local Rule 23-3 ...........................................................18

CONCLUSION ......................................................................................21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ...................................................................1, 2, 13

*Bell Atlantic v. Twombly,*
   550 U.S. 544 (2007) ...........................................................................13

*Blair v. Equifax Check Servs., Inc.,*
   181 F.3d 832 (7th Cir. 1999)................................................................9

*Bertulli v. Indep. Assn. of Contl. Pilots,*
   242 F.3d 290 (5th Cir.2001)...............................................................10

*Chamberlan v. Ford Motor Co.,*
   402 F.3d 952 (9th Cir. 2005)..................................................7, 8, 9, 18

*Doninger v. Pac. Nw. Bell, Inc.,*
   564 F.2d 1304 (9th Cir.1977)..............................................................11

*Dukes v. Wal-Mart, Inc.,*
   509 F.3d 1168 (9th Cir. 2007)............................................................10

*In re Am. Med. Sys., Inc.,*
   75 F.3d 1069 (6th Cir.1996)................................................................15

*Kamm v. Cal. City Dev. Co.,*
   509 F.2d 205 (9th Cir.1975)................................................................20

*Mantolete v. Bolger,*
   767 F.2d 1416 (9th Cir. 1985 ...............................................1, 11, 19

*McDonnell-Douglas Corp. v. U.S. Dist. Ct. for the Central Dist. of Cal.,*
   523 F.2d 1083 (9th Cir. 1975)............................................................16

*Vinole v. Countrywide Home Loans, Inc.,*
   571 F.3d 935 (9th Cir. 2009)........................................................10, 20

*Zinser v. Accufix Research Inst., Inc.,*
   253 F.3d 1180 (9th Cir. 2001).............................................................15

ii

**Rules**

Fed. R. Civ. P. 11(b)(3)..............................................................................1

## FRONTIER AIRLINES, INC.'S DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Respondent Frontier Airlines, Inc. hereby states as follows:

Frontier Airlines, Inc. is owned by Frontier Airlines Holdings, Inc. which in turn is owned by Frontier Group Holdings, Inc.

iv

## INTRODUCTION

Petitioner Andrea Ridgell's ("Petitioner") request for interlocutory review is premised on her claim that the sole basis for the denial was a rigid adherence to the requirements of Rule 23-3 of the Local Civil Rules of the United States District Court for the Central District of California ("Local Rule 23-3"). This misleading characterization ignores petitioner's own failures to provide any basis to establish either the need for pre-certification discovery or that she had met the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). It also ignores that the District Court determined in its order denying class certification that discovery would not have assisted petitioner, as her claims are not suited for class resolution.

Petitioner's complaint alleged that the commonality and typicality requirements of Rule 23 were met, but provided no evidentiary support. Rule 11 of the Federal Rules of Civil Procedure, however, requires evidentiary support for these allegations. *See* Fed. R. Civ. P. 11(b)(3) (signed pleading warrants that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). As the United States Supreme Court stated in *Ashcroft v. Iqbal*, 556 U.S. 662

1

(2009), the federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Just as the federal pleading standard does not unlock the doors of discovery for plaintiffs, Rule 23's certification standards do not automatically open the doors of discovery, as plaintiffs must make a *prima facie* showing that pre-certification "discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985), *as amended* (Aug. 27, 1985).

Although petitioner criticizes the District Court, petitioner ignores that she was given numerous opportunities to provide a cognizable basis for the pre-certification discovery she requested, yet petitioner failed to make any showing that discovery would assist her in substantiating the class allegations. In her Motion for Relief from Local Rule 23-3 ("Motion for Relief"), petitioner asserted only that the extension was necessary because her claims included the allegation that Airbus S.A.S.'s ("Airbus") aircrafts are defective, and she needed "design and manufacture" discovery from Airbus, an unserved defendant. It is undisputed from the allegations in petitioner's complaint that Frontier Airlines, Inc. ("Frontier") did not design or manufacture the aircraft and petitioner did not assert that she required any discovery from Frontier in order to seek class certification. Thus, when

2

given the opportunity to make a *prima facie* showing that pre-certification discovery was necessary, petitioner did not assert the need for discovery from Frontier but submitted a few sentences which asserted a conclusory need for vaguely-referenced discovery from Airbus. Petitioner did not elaborate with respect to the alleged discovery needed, how long it might take to obtain, or whether there was any probability that the asserted discovery might substantiate the class allegations.

Moreover, none of the "evidentiary" bases, which were required at the pleading stage to support the complaint's allegations, were provided to the District Court in petitioner's Motion for Class Certification ("Certification Motion"). The only support petitioner provided were her own statements that she was coughing on the flight prior to its diversion, she observed others coughing and then was purportedly "imprisoned" at the gate area of the Phoenix Airport terminal by unnamed and unidentified persons. No further information was provided to support certification.

Unlike petitioner, Frontier provided the District Court with evidentiary support establishing that the United States Federal Aviation Administration ("FAA") and the European Aviation Safety Agency ("EASA") have found that the aircraft cabin air system alleged to be "defective" in the complaint is, in fact, safer than indoor air in other

3

environments, including kindergarten classrooms. The existence of these studies demonstrates that there is publicly available information relevant to petitioner's allegations, yet petitioner never rebutted the studies referenced in Frontier's Opposition to Certification Motion nor submitted any evidence to the contrary. The failure of petitioner to refute the foregoing studies or provide any evidentiary support whatsoever for her class allegations bespeaks a lack of the evidentiary support that was required even at the pleading stage.

Because petitioner did not meet her burden to establish the need for pre-certification discovery or to establish that the requirements of Rule 23 were met, and because the District Court found that pre-certification discovery would not have assisted petitioner in obtaining class certification, there is no basis for interlocutory review by this Court and Frontier respectfully requests that the Court deny petitioner's request for review.

## RELEVANT FACTUAL BACKGROUND

Petitioner filed her complaint on June 1, 2018 (ER000327), and served it on Frontier on June 15, 2018. (ER000158). Petitioner and Frontier stipulated to an extension of time for Frontier to respond to the complaint, and Frontier filed its answer on August 14, 2018. (ER000246). On August 10, 2018, counsel for petitioner informed counsel for Frontier that petitioner

intended to seek an extension of the certification deadline. (ER000247).

On August 28, 2018, petitioner filed an *ex parte* application for relief from Local Rule 23-3's certification deadline, set for September 13, 2018. (ER000245). Petitioner's application provided that Airbus had not been served and that petitioner required pre-certification "design and manufacture" discovery from Airbus. (ER000251). Petitioner did not explain the type of discovery needed from Airbus or how the discovery would assist petitioner in establishing the Rule 23 requirements. Petitioner did not assert any need for discovery from Frontier. (ER000242-252). However, petitioner stated that counsel for both parties were to hold a Rule 26 conference of counsel on August 28, 2018 and that she "intend[ed] to propound discovery upon Frontier following the conference." (ER000246). Petitioner never served any discovery on Frontier.

The District Court denied petitioner's *ex parte* application because petitioner had not demonstrated the need for "emergency" relief. (ER000011-12). However, the District Court continued the class certification deadline to October 22, 2018 in order to provide petitioner with the opportunity to submit a regularly-noticed motion. (ER000012).

In her Motion for Relief, petitioner stated that it was her "need to effectuate service on a foreign defendant and take discovery essential to

substantiating the Class Certification Motion" which constituted "good cause" for extending Local Rule 23-3's class certification deadline. (ER000161). Petitioner further asserted the following:

> [Petitioner] is precluded from seeking any discovery from Airbus, yet such discovery will be critical to the preparation of her motion for class certification. [Petitioner] claims, *inter alia*, that the design of Airbus' aircrafts is defective. Such claim requires discovery as to the aircrafts' design and manufacture in order to make a proper showing to meet Fed.R.Civ.P. 23's commonality and typicality requirements.

(ER000164). Petitioner's Motion did not identify any discovery that petitioner would require from Frontier in advance of certification. (ER000155-164). Nor did the Motion provide any other types of discovery which might be needed or the reasons such discovery might be necessary in advance of class certification. (ER000155-164).

The District Court denied petitioner's Motion for Relief on the basis that it did not assert the need for any discovery from Frontier and provided no reasons why class certification could not proceed against Frontier. (ER000009, ER000002-3). When petitioner filed her Certification Motion, she again sought to continue the certification deadline. For the first time, in her third request for an extension, petitioner appeared to assert the need for pre-certification discovery from Frontier. (ER000092). Once again, petitioner failed to provide any explanation as to how the asserted discovery

6

might substantiate her class allegations. (ER000092). As the Court had previously denied petitioner's Motion for Relief, it treated this third request for an extension as a Motion for Reconsideration and denied the request for having failed to meet the requirements for reconsideration. Specifically, the Court noted that petitioner merely made "arguments that were available to her, and through the exercise of reasonable diligence would have been known by her, when she filed the Motion for Relief." (ER000004).

Petitioner subsequently filed her Certification Motion, for which petitioner submitted no evidentiary support apart from her own declaration. (ER000085-112). Although Frontier's Opposition referenced publicly available studies, including one by EASA which noted that aircraft cabin air is cleaner than other indoor environments (ER000031-32), petitioner failed to rebut these studies with any evidence, despite having relied upon outside information to draft her complaint. The District Court denied certification on the basis that petitioner's claims did not meet the typicality, commonality, predominance or superiority requirements of Rule 23. (ER000008).

## ARGUMENT
## I. PETITIONER'S REQUEST FOR PERMISSION TO APPEAL THE ORDER DENYING HER MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED

In support of her Petition for Permission to Appeal Order Denying Motion for Class Certification Pursuant to Fed.R.Civ.P. 23(f) ("Petition"),

petitioner seeks interlocutory review on the basis of this Court's decision in *Chamberlan v. Ford Motor Company*. However, petitioner fails to acknowledge that, in that decision, this Court noted that interlocutory review pursuant to Rule 23(f) is intended to be the "exception rather than the rule," and should be "granted sparingly." *Chamberlan v. Ford Motor Co*., 402 F.3d 952, 959 (9th Cir. 2005).

Petitioner asserts that interlocutory review should be granted in this case because: (1) the denial of class certification sounded a "death knell" for the claims of petitioner and the purported class members; and (2) the District Court's order denying class certification was "manifestly erroneous." Petition, pp. 10-18. However, as explained further below, petitioner fails to establish grounds, pursuant to *Chamberlan*, that this is one of the "rare cases" where interlocutory review should be granted. *Id.* at 959.

### A. A Potential "Death Knell" to the Litigation is Insufficient for Interlocutory Review Without "Error" by the District Court

As an initial basis for seeking interlocutory review, petitioner asserts that denial of class certification has sounded a "death knell" for the claims of petitioner and the purported class members. Petition, pp. 10-11. However, interlocutory review is not warranted simply because a plaintiff must proceed to final judgment on her individual claims. If that were the standard, every plaintiff that is denied class certification would be entitled to

8

interlocutory review.

For this very reason, this Court has made clear that the "death knell" scenario must be "independent of the merits of the [plaintiff's] underlying claims" and that, "in connection with the death knell factor, we normally would look for error in the certification order." *Chamberlan*, 402 F.3d at 959-60 (*citing Blair v. Equifax Check Servs., Inc*., 181 F.3d 832, 835 (7th Cir. 1999) as recognizing "the futility in granting review of a class certification decision that is 'impervious to revision,' even if the decision effectively terminates the litigation").

Here, as provided in further detail below, there was no error in the District Court's order denying petitioner's Motion for Relief or in the District Court's order denying petitioner's Certification Motion.

## B. The District Court's Orders Denying Pre-Certification Discovery and Extension of the Certification Deadline Were Not "Manifestly Erroneous"

With respect to the type of "manifest error" which may warrant the "rare" occasion of interlocutory review, this Court has previously held that any such alleged error must be "significant" and "easily ascertainable from the petition itself" and "will be one of law, as opposed to an incorrect application of law to facts." *Chamberlan*, 402 F.3d at 959. This Court further provided that it will generally be

9

> difficult to show that a class certification order is
> manifestly erroneous unless the district court applies an
> incorrect Rule 23 standard or ignores a directly
> controlling case. Class certification decisions rarely
> will involve legal errors, however, simply because class
> actions typically involve complex facts that are unlikely
> to be on all fours with existing precedent.

*Id.* at 962 (*internal citation omitted*). As this Court and others have made

clear, interlocutory review of a class certification order is limited to class

certification issues. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir.

2007) (noting that appellate "review is limited to whether the district court

correctly selected and applied Rule 23's criteria."); *Bertulli v. Indep. Assn. of

Contl. Pilots*, 242 F.3d 290, 294 (5th Cir. 2001) (finding that "a party may

appeal only the issue of class certification; no other issues may be raised.").

In this instance, petitioner alleges two "egregious errors" by the

District Court: (1) error in denying petitioner pre-certification discovery; and

(2) error in failing to grant relief from Local Rule 23-3. Petition, pp. 11 –

18. Although petitioner references these as two separate errors, they are

interrelated, as petitioner's requests to extend the Local Rule 23-3

certification deadline were based entirely on her asserted need to seek pre-

certification discovery from Airbus, a defendant that had not yet been

served. (ER000155-164). Neither alleged error asserts that the District

Court applied an incorrect Rule 23 standard or ignored a directly controlling

10

case. Neither alleged error is one of law, as it lies within the "sound discretion" of the district courts to determine whether to permit pre-certification discovery. *See Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 942 (9th Cir. 2009). Further, and as explained in greater detail below, the District Court did not err in denying petitioner's Motion for Relief or her Certification Motion, as petitioner failed to meet her burden on both.

### 1. There Was No Error in Denying Petitioner's Requests for Pre-Certification Discovery

Although petitioner frames the first alleged error as a denial of her "right" to pre-certification discovery (Petition, p. 3), it is well established that plaintiffs do not have a right to conduct pre-certification discovery but, rather, plaintiffs bear the burden of making a *prima facie* showing that the class action requirements of Rule 23 are satisfied or that pre-certification "discovery is likely to produce substantiation of the class allegations." *Mantolete*, 767 F.2d at 1424. This Court has explicitly held that, "in the absence of such a showing, 'a trial court's refusal to allow class discovery is not an abuse of discretion.'" *Id.* at 1424; *see also Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir.1977) (holding that district court did not abuse its discretion in denying class certification without discovery where petitioners could not make a *prima facie* showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information

11

substantiating the class action allegations"). In determining whether to grant discovery, courts must consider the need for the discovery, "the time required, and the probability of discovery resolving any factual issue necessary for the determination." *Doninger*, 564 F.2d at 1312–13.

In none of her requests for pre-certification discovery did petitioner explain the need for discovery or the probability of the discovery resolving any factual issues. Petitioner's *ex parte* application did not explain the need for discovery and was denied on the basis that petitioner had not demonstrated a need for emergency relief. (ER000011-12). However, the District Court continued the class certification deadline in order to provide petitioner with the opportunity to submit a properly noticed motion. In her subsequent Motion for Relief, petitioner did not present any argument "why Petitioner could not move to certify her class claims against Frontier" (ER000003; ER000155-164) and did not assert any discovery needed from Frontier in order to seek class certification. (ER000155-164). Rather, petitioner's Motion for Relief merely provided that Airbus had not been served or appeared and that she required discovery with respect to aircraft "design and manufacture in order to make a proper showing" regarding the commonality and typicality criteria of Rule 23. (ER000164, ll. 10-12).

Petitioner's complaint acknowledges that Frontier did not design or

manufacture the aircraft and, thus, any allegations concerning the design or manufacture of the aircraft would have no bearing on petitioner's ability to establish her claims against Frontier. (ER000115, ¶ ¶ 7 and 9; ER000037, ll. 19-21; ER000038, fn. 8). As petitioner did not explain how or why discovery relating to the design or manufacture of aircraft would assist her in substantiating the class allegations against Frontier, the District Court denied the Motion for Relief. (ER000002-4, ER000009, ER000164).

Even if such discovery would have assisted petitioner in seeking class certification against Frontier, which petitioner did not establish below, petitioner's complaint alleged that "every aircraft in the Frontier fleet including, but not limited to, the Airbus A318, Airbus A319, Airbus A320, and the Airbus A3221" uses a bleed air system, which she alleged to be a "design defect" common to each of these aircraft. (ER000119, ll. 1-3; ER000130-131). Pursuant to the pleading standards that the United States Supreme Court set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), petitioner presumably had a good faith basis for the allegation and could have relied on any research she conducted in drafting her complaint to support an assertion that the "design and manufacture" of the aircraft in Frontier's fleet pose a common issue and/or establish that her claims are typical of those of the purported class.

13

Yet despite the highly technical allegations of petitioner's 26-page complaint, which presumably relied on sources other than petitioner herself, petitioner failed to cite or reference any experts, reports or studies in support of her Certification Motion. Rather, in support of the Motion petitioner submitted only her own declaration and those of her attorneys, which included rote and conclusory statements with little evidentiary value. (*See* ER0000110, ¶ 10 (purporting to establish that petitioner has knowledge that each and every passenger on her aircraft made a separate request to leave the Phoenix Airport terminal area and was denied); *see also* ER000087-96). In a perfunctory 12-page Certification Motion, petitioner spent two pages requesting relief from the class certification deadline, which had already been denied by the District Court. Even so, petitioner failed yet again to establish *why* the requested discovery would assist petitioner, instead providing a chart that referenced some of her claims and the Rule 23 factors but did not explain how the referenced discovery would assist petitioner in substantiating the class allegations. (ER000092).

Unsurprisingly, the District Court held that petitioner could not present in her Certification Motion arguments with respect to the need for discovery from Frontier "that were available to her, and through the exercise of reasonable diligence would have been known by her, when she filed the

14

Motion for Relief…." (ER000004). The District Court, thus, treated the request as a Motion for Reconsideration of petitioner's Motion for Relief, and denied it on the basis that petitioner had not cited any newly discovered evidence, had not asserted that the District Court committed clear error, and had not cited any intervening change in the law. (ER000004).

Of note, when petitioner eventually submitted her Certification Motion, she provided no evidence in support, apart from her own self-serving statements. While petitioner wants this Court to believe that she required pre-certification discovery in order to support her Certification Motion, this is simply not the case, as petitioner's complaint appears to rely upon technical studies and/or reports, and Frontier's Opposition provided the District Court with evidentiary support establishing that EASA has found that the aircraft cabin air system alleged to be "defective" in the complaint is, in fact, safer than other indoor air environments. The failure of petitioner to refute the foregoing publicly available studies or to provide any evidentiary support whatsoever for her class allegations indicates that petitioner lacked the requisite evidentiary support even at the pleading stage.

More importantly, and fatal to petitioner's request for interlocutory review, the District Court found that "none of the discovery that Petitioner seeks is necessary for the resolution of" the Certification Motion.

15

(ER000004). The District Court noted this Court's recognition of the

> potential difficulties of 'commonality' and 'management' inherent in certifying products liability class actions. [*Zinser v. Accufix Research Inst., Inc*., 253 F.3d 1180, 1186 (9th Cir. 2001)] (*citing In re Am. Med. Sys., Inc*., 75 F.3d 1069, 1084 (6th Cir.1996) (courts must exercise great care before certifying products liability class, because such cases usually involve factual and legal issues that vary dramatically from individual to individual).

(ER000006). The District Court also cited this Court's holding in *McDonnell-Douglas Corp*., which found that Rule 23 does not "permit certifications of a class whose members have independent tort claims arising out of the same occurrence and whose representatives assert only liability for damages." (ER000007, *citing McDonnell-Douglas Corp. v. U.S. Dist. Ct. for the Central Dist. of Cal*., 523 F.2d 1083, 1085 (9th Cir. 1975)).

The District Court noted that petitioner's theory of liability on behalf of class members "relies on the personal injuries they allegedly suffered as a result of the bleed air events…and the false imprisonment." (ER000006). The District Court further noted that petitioner's complaint alleges that some passengers "were analyzed by paramedics" while others "were taken to the hospital." (ER000007). Thus, petitioner's own allegations establish that individual passengers had different "exposures and reactions to the alleged fume event," which would necessitate "individualized determinations…on

16

the issue of liability for each of the claims seeking to impose liability for the fume event" on petitioner's flight. (ER000007).

With respect to the false imprisonment claim, the District Court noted that it would require petitioner to prove that "Frontier engaged in the nonconsensual, intentional confinement of the passengers, without lawful privilege, for an appreciable length of time." (ER000007). Because, at a minimum, at least some passengers may have consented to remain in the terminal area in order to hear announcements regarding the alternative transportation being offered by Frontier, the District Court found that the false imprisonment claim failed to meet the predominance and superiority requirements of Rule 23. (ER000007). Petitioner asserts that the District Court made unsupported "factual findings" with respect to the false imprisonment claim (Petition, p. 14), but petitioner misunderstands the Court's order. The Court's note that "some passengers may have consented" (ER000007) to remain in the terminal is not a factual finding but illustrates that the nature of the false imprisonment claim, and petitioner's burden of proof on the claim, will require individualized inquiries. If a court must determine whether each passenger consented to the alleged "imprisonment" in a public terminal, the claim is not suited to class resolution because individualized inquiries will predominate over common issues.

17

In its order denying class certification, the District Court noted that the issues relating to commonality, typicality, predominance and superiority which preclude certification of the sub-class of passengers on petitioner's flight are only compounded when considering the proposed nationwide class of passengers. (ER000008). Given the volume of individualized inquiries which would be required with respect to each alleged bleed air event and the exposure and reactions of each passenger, the District Court held that petitioner could not meet the requirements of Rule 23. (ER000008). The District Court's order denying class certification clearly establishes that discovery would not have assisted petitioner.  Accordingly, interlocutory review of the District Court's discretion in denying pre-certification discovery would be futile, as petitioner cannot overcome the existence of numerous individualized inquiries which would defeat class certification even after discovery is conducted. *See Chamberlan*, 402 F.3d at 960 (recognizing "futility in granting review of a class certification decision that is 'impervious to revision,'" even if it "effectively terminates the litigation").

### 2. *There Was No Error in Failing to Grant Relief from Local Rule 23-3*

In arguing that the District Court erred in failing to grant petitioner's requests for relief from Local Rule 23-3, petitioner asserts that Local Rule 23-3 has "failed to keep pace with amendments" to Rule 23.  Petition, p. 16.

18

Petitioner further asserts that the District Court maintained "dogged adherence" to this "draconian" Local Rule. Petition, p. 18. However, these assertions fail to acknowledge that petitioner's Motion for Relief asserted no need for pre-certification discovery from Frontier or that the Court diligently considered the Motion for Relief and found that petitioner had not established any basis why certification could not proceed as to Frontier.

It is apparent that petitioner seeks to use this case as a test case for the suitability of Local Rule 23-3, but this is not the test case petitioner believes it to be. This is not a scenario where a district court denied class certification on the basis of an untimely filing or other asserted procedural defect. When the District Court in this case denied petitioner's *ex parte* application and extended the class certification deadline in order to provide petitioner an opportunity to fully brief her Motion for Relief, petitioner submitted a Motion which made only conclusory statements concerning the asserted need for discovery from defendant Airbus. The Motion did not explain why any "design and manufacture" discovery from Airbus would be likely to substantiate the class allegations and did not cite any discovery that petitioner would require from Frontier in order to pursue class certification.

It cannot reasonably be disputed that the District Court did not "doggedly adhere" to a procedural rule, but rather, provided petitioner with

19

an opportunity to fully brief her motion and make the required *prima facie* showing that certain discovery would be "likely to produce substantiation of the class allegations." *See Mantolete*, 767 F.2d at 1424. Petitioner failed to make the required showing and, accordingly, the District Court exercised its "sound discretion" in denying petitioner's request to extend the deadline for class certification in order to obtain pre-certification discovery. *See Vinole*, 571 F.3d at 942 (*citing Kamm v. Cal. City Dev. Co*., 509 F.2d 205, 209 (9th Cir.1975) for the proposition that "[d]istrict courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court.'").

As petitioner's only basis for requesting relief from Local Rule 23-3 was an asserted need to obtain discovery from Airbus, which petitioner did not adequately explain or establish, the District Court did not err in denying petitioner's requests to extend the class certification deadline. Further, the Court undertook a rigorous analysis of petitioner's Certification Motion and ultimately found that petitioner's claims are unsuitable for class resolution. Accordingly, this is not a case in which this Court need expend its time and resources conducting an interlocutory review, as petitioner was not entitled to pre-certification discovery on the basis of the record below and would not be entitled to class certification even if discovery had been permitted.

## CONCLUSION

In light of the foregoing, Frontier respectfully requests that this Court deny petitioner's request for interlocutory review of the District Court's order denying class certification.

Dated: December 3, 2018          CLYDE & CO US LLP

By: _____
    KEVIN R. SUTHERLAND
    JEFFREY J. ELLIS
    NATASHA N. MIKHA
    *Attorneys for Respondent*
    FRONTIER AIRLINES, INC.

21

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This answer complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this answer contains 4,388 words, excluding the parts of the answer exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This answer complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this answer has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: December 3, 2018      CLYDE & CO US LLP

By: _____
        KEVIN R. SUTHERLAND
        JEFFREY J. ELLIS
        NATASHA N. MIKHA
        *Attorneys for Respondent*
        FRONTIER AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: December 3, 2018        CLYDE & CO US LLP

By: _____
      KEVIN R. SUTHERLAND
      JEFFREY J. ELLIS
      NATASHA N. MIKHA
      *Attorneys for Respondent*
      FRONTIER AIRLINES, INC.

4564873