IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Docket No. 18-80170
_____

ANDREA RIDGELL, on behalf of herself and all others similarly situated,

Petitioner,

v.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA,

Respondent,

FRONTIER AIRLINES, INC.,

Real Party in Interest.
_____

From the United States District Court, Central District of California
Case No. 2:18-cv-04916-PA-AFM

MOTION TO AUGMENT THE RECORD
_____

Marcus J. Bradley CBN 174156
Kiley L. Grombacher CBN 245960
Bradley/Grombacher LLP
2815 Townsgate Road Suite 130
Westlake Village, CA 91361
Phone: (805) 270-7100
Fax: (805) 270-7589

Kristi D Rothschild
Rothschild and Alwill APC
27 West Anapamu Street Suite 289
Santa Barbara, CA 93101
Phone: (805) 845-1190
Fax: (805) 456-0132

Attorneys for Petitioner

## I. STATEMENT OF FACTS

This is a Federal Rule of Civil Procedure Rule 23(f) Petition arising from the trial court's denial of the motion for class certification filed by plaintiff and petitioner, Andrea Ridgell ("Petitioner")[1]. In filing her excerpts of record, Petitioner was precluded from including the transcript of the hearing on Petitioner's Motion for Relief from Local Rule 23-3 because, at the time of filing, the transcript had not yet been prepared by the court reporter. (Declaration of Kiley Lynn Grombacher ("Grombacher Decl.") ¶3.) Such hearing transcript is germane to the issues raised on appeal, as Petitioner argues that the Court's decision denying certification is manifestly erroneous, *inter alia,* because Petitioner was precluded from conducting even a modicum of discovery in advance of filing her motion. Such preclusion stemmed largely from the district court's denial of Petitioner's Motion for Relief from Central District Local Rule 23-3. Indeed, such Order is cited and discussed in the subject Order. Thus, the hearing transcript provides the full context for the district court's Order and should be included in the appellate record.

On November 26, 2018, the transcript was filed in the docket and became available to Petitioner. (Grombacher Decl. ¶4.) Accordingly, Petitioner is now, promptly seeking to augment the record.

---

[1] The district Court Order issued on November 9, 2018, denying Petitioner's motion for class certification shall be referred to herein as "Order".

## II. ARGUMENT

Rule 10(e) of the Federal Rules of Appellate Procedure governs the correction and modification of the appellate record. Pursuant to their inherent equitable powers, the federal courts of appeal have the discretion to supplement the record on appeal as justice requires. See *Dickerson v. State of Alabama*, 667 F.2d 1364, 1367 (11th Cir. 1982) (supplementing record because the evidence was necessary for the proper resolution of the case and remand to consider additional facts would be contrary to both the interests of justice and the efficient use of judicial resources); see also *Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987) (court of appeal may supplement the record pursuant to Rule 10(e) upon showing that the district court considered evidence at issue).

Here, augmentation is appropriate because the document sought to be included is material to the issues to be decided on appeal. Petitioner's right to conduct discovery in advance of filing her motion for class certification is a central issue in this appeal. The hearing transcript for Petitioner's Motion for Relief from Central District Local Rule 23-3 serves as the primary document setting forth the district court's basis for the denial of a sufficient opportunity to conduct such discovery. As such, augmentation is necessary to ensure that the Court of Appeals has the entire record when it considers the merits of the appeal. Further,

augmentation will not prejudice Respondent. In fact, Respondent will likely wish to cite arguments and/or evidence from such transcript in its brief on appeal.

## III. CONCLUSION

Accordingly, Petitioner respectfully requests an order augmenting the record to include the hearing on Petitioner's Motion for Relief from Central District Local Rule 23-3 in her Excerpts of Record Appendix.

Dated: December 6, 2018          Respectfully submitted,

**BRADLEY/GROMBACHER, LLP**

By: /s/ Kiley L. Grombacher
    Kiley L. Grombacher, Esq.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 18-80170

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Motion to Augment the Record; Declaration of Kiley Lynn Grombacher in Support of Motion to Augment the Record

**Signature** | /s/ Kiley Lynn Grombacher     **Date** | 12/9/2018

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 15** *Rev. 12/01/2018*